PEOPLE OF PORTO RICO, Plaintiff and Appellee, v. EMILIO
VADI, Defendant and Appellant.

No. 2429. Argued May 21, 1925.—Decided July 10, 1925.

1. ARMS—CARRYING ARMS—CONSTITUTIONAL LA'W.—It having been alleged that
   Act No. 14 of 1924 (p. 114) is void because instead of amending the previous
   act the Legislature passed an entirely new act, it was held that the changed
   definition of prohibited arms in the new act· was within the Legislature's
   power to amend and within the Governor's call to amend the law.
2. ID.—ID.—ID.—The constitutionality of Act No. 14 of 1924 (p. 114) was at-
   tacked on the ground that the definition of the offense was vague and un-
   certain and that it did not specify clearly what arms are prohibited. Held:
   That sections 1 and 5 of the said act indicate positively the class of arms
   or instruments prohibited by it and, therefore, is not unconstitutional.

District Court of Guayama, Gabriel Castejón, J. Judgment of con-
   viction of carrying arms. Affirmed.
Adolfo Porrata Doria for the appellant. José E. Figueras, Fiscal,
   for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appellant was convicted of carrying on his person
for purposes of offense and defense a revolver that was
capable of causing death or a severe bodily injury.

The defendant was prosecuted by virtue of Act No. 14
of the Legislative Assembly of Porto Rico, approved on
the 25th of June, 1924. The appellant assigns as error
that the said act is void, inasmuch as a special session of
the Legislature was called for the purpose of amending
the law with regard to the bearing of arms, and that the
said Legislature, instead of merely amending the law, passed
an entirely new act.

[1] While in the said act the definition of a prohibited
weapon is completely changed, we think, nevertheless, that
the changed definition was within the amending power of
the Legislature, as amendment is defined in 2 Corpus Juris,
1316. Hence the change was within the call of the Gov-
ernor to make an amendment to the law. We are inclined
to agree with the fiscal that the discussion of this alleged
error shades olff into the discussion of the alleged uncon-

stitutionality of the act in question which the defendant sets forth in his other assignments of error.

[2] The principal objection of the defendant is that Act No. 14, *supra,* is unconstitutional because the definition therein contained is vague, indefinite and uncertain; that the said act does not specify in a clear and definite manner what weapons are prohibited. As a part of this objection appellant also maintains that the power of determining what is and what is not a prohibited weapon is left too much to the arbitrament of the judge who tries the case. Section 1 of Act No. 14, *supra,* says: ''That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months.'' Section 5 of the Act provides:

''That the provisions of this Act shall not be applicable—

''1. To the carrying of implements, tools and instruments pertaining to the arts, professions, trades, and occupations or sports when carried by reason or on occasion thereof;

''2. To the carrying of commonly used walking-sticks, provided they do not contain swords or other arms prohibited by this Act;

''3. To the carrying of pocket-knives or folding pocket-knives the blades of which do not exceed three inches in length;

''4. To the carrying of hunting arms when used for said purposes by a person having a license therefor; *Provided,* That hunting licenses shall continue to be granted in accordance with the special law on the subject;

''5. To the carrying of arms within one's dwelling or estate;

''6. To the carrying of crutches, canes, or other similar articles by invalids or cripples when required by their bodily condition.''

Taking the words contained in section 1, it is evident that the word ''arm'' (*arma* in Spanish) means a weapon, or something that may be used for purposes of offense and defense. If the statute had merely used the word ''instrument'' without any further attempt to classify the nature of the thing prohibited, perhaps there would be force in the contention of the appellant that the definition lacks

certainty. Every one, however, knows what an arm or weapon means. Little is left to the judge except to say whether the particular thing used is a weapon, or an instrument similar to a weapon, by which bodily injury may be caused. Every one also knows that an arm or weapon is used for purposes of offense and defense. The court need only say in a particular case whether the thing used falls within the definition of the word "arm" or is an instrument similarly used. See *People* v. *Cruz-Rosado, ante,* page 305.

Furthermore, the definition in section 1 is aided by section 5, *supra*. The said section more definitely shows the nature of the arms or instruments prohibited. Therefore, we find it unnecessary to analyze the jurisprudence cited by the appellant to the effect that a penal statute which does not contain a sufficient definition of a crime is unconstitutional and void.

The judgment must be affirmed.